IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SCOTT CRESPO, | ) | |
| | ) | 10 C 5378 |
| Plaintiff, | ) | |
| | ) | Judge Marovich |
| v. | ) | |
| | ) | |
| KEVIN SAUL, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF FILING

TO: Bart Huff
Zwillinger Genetski LLP
300 N LaSalle St, 49th Floor
Chicago, IL 60654

PLEASE TAKE NOTICE that on the 14th day of December, 2010, we filed the attached

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR**

**REASSIGNMENT AND CONSOLIDATION,** a copy of which is hereby served upon you.

Respectfully Submitted,
SCOTT CRESPO

By:     /s/ Christopher V. Langone
One of His Attorneys

Mark T. Lavery, Esq.
Christopher V. Langone, Of Counsel
Lavery Law Firm
733 S. Lee, Suite 150
Des Plaines, IL 60016
847-813-7771

## CERTIFICATION OF SERVICE

I, CHRISTOPHER V. LANGONE, hereby certify that a copy of **PLAINTIFF'S BRIEF**

**IN OPPOSITION TO DEFENDANT'S MOTION FOR REASSIGNMENT AND**

**CONSOLIDATION** was served on all counsel of record via the ECF filing system of the

Northern District of Illinois.                    By:     /s/ Christopher V. Langone

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

SCOTT CRESPO,                          )
                                       )        10 C 5378
              Plaintiff,               )
                                       )        Judge Marovich
       v.                              )
                                       )
KEVIN SAUL,                            )
                                       )
              Defendant.               )

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR REASSIGNMENT AND CONSOLIDATION**

Recently, in *Targin Sign Sys. v. Preferred Chiropractic Ctr., Ltd.*, 714 F. Supp. 2d

901 (N.D. Ill. 2010), Judge Shadur examined in detail the relatedness rule, stating: "this Court's

candidate for the least-well-understood local rule that has been adopted by our District Court is

LR 40.4, which allows an exception--but only in carefully circumscribed circumstances--to the

guiding polestar of this District Court's random, computer-driven assignment of cases, providing

instead for certain reassignments on grounds of relatedness...." *Targin,* 714 F. Supp at 901-902.

Defendant has not met the "carefully circumscribed circumstances" (*id.* at 902) required to

satisfy the Rule. Defendant Saul has disregarded the expressly-stated timing requirements of the

rule, does not meet the stringent specificity requirements imposed by subsection (c) of the rule,

and cannot satisfy the burdens imposed by LR 40.4(b)(2), (3) & (4), *i.e.*, – substantial saving of

judicial time and effort, lack of delay, and susceptibility to unified disposition. The three cases

involve different defendants, gambling in different tournaments, involving discovery in different

jurisdictions, who won (and are thus liable for) different amounts of money. Each of the

defendants in each of the cases are alleged to be jointly and severally liable with each other, but

not the defendants in the other cases. Thus, the motion to consolidate should be denied.

1

1. **DEFENDANT'S MOTION TO CONSOLIDATE DOES NOT COMPLY WITH EITHER THE TIMING OR SPECIFICTY REQUIREMENTS SET FORTH IN SUBECTION (C) OF LOCAL RULE 40.4.**

Defendant's motion does not comply with either the timing or specificity requirements mandated by 40.4(c) – it is premature and conclusory, and on this basis should be denied.

    A.    **Defendant does not justify departing from the explicit timing-requirement stated in the Rule, and the motion should be denied as premature.**

The plain language of LR 40.4(c) clearly states:

> *"In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved."*

This explicitly-stated timing requirement provides that a motion to consolidate should not be generally filed until *after* the answers (or motions in lieu of answer) have been filed in <u>each</u> of the proceedings. There is a reason for this: it is only after the issues have been framed by the pleadings (or pleadings motions) that the parties can effectively analyze and apply the standards articulated by the Rule. Without citing good cause or other justification, Defendant Saul disregards the timing requirements of the rule. Saul is seeking to consolidate before any answers (or motions in lieu of answer) have been filed in any of the cases, including this one. There is no reason to depart from the "general" time requirement articulated by the Rule; there is no reason to make an exception to the Rule for Saul.

This is not a mere technical oversight, but is a material protection. The Local Rule plainly provides that *all parties* to a proceeding be permitted to respond to the questions of relatedness and possible reassignment. Saul claims that all defendants agree to consolidate and none object to the early-timing of the motion. The Plaintiff does not agree to this misconstruction of the Rule. All *parties* are the intended beneficiaries of the timing requirements, not just

defendants. Premature consideration of the motion prejudices Plaintiff because the articulated basis for the motion is based on *speculative* questions of law, thus making Defendant's reasons for consolidation difficult to address. The Local Rule times consideration of relatedness motions such that all parties, including Plaintiff, are able to respond after the issues have been framed by the pleadings. By filing the motion too early, Defendant improperly forces Plaintiff to examine *speculative* legal issues, which is far removed from the tangible proceedings mandated by LR 40.4(c).

Take for instance the issue of jury demands, which are due 14 days after service of the last pleading directed toward the issue. *See,* FRCP 38(b)(1), In this case, Plaintiff did not demand a jury in the complaint and Saul did not demand one within 14 days of service of the complaint – thus, unless leave to file a late jury demand is granted, the issues raised in the complaint will be tried to the bench in this case. But the time to file a jury demand has not expired as to all defendants in the other cases, and plaintiff can demand a jury anytime within 14 days of service. Service will be effected when the signed waivers are returned on December 30th, and any party can file a jury demand (in the other cases) until January 13, 2011. If a jury is demanded in the other cases it would be inappropriate to consolidate them with this bench trial. But we can only *speculate* now, because Defendant filed the motion too early and in derogation of the Rule's articulation of what should "generally" be done with respect to the motion's timing.

Similarly, FRCP 15 allows amendment of pleadings, as of course, up to 21 days after being served with a responsive pleading under Rule 12. Rule 12 motions are currently due by January 11, 2010 in the Seth case and January 29 in the Drinan case, thus any of the complaints may be amended as of course in those cases until at least February 1, 2010. Until the pleadings

are fixed, appropriate decisions under Local Rule 40.4 cannot generally be made. This alone is grounds to deny the motion.

### B. Defendant does not meet the stringent specificity requirements stated in 40.4(c)(2).

In addition to its general-timing requirement, LR 40.4(c) imposes a burden of specificity that courts in this District have described as "stringent." *Goldhamer v. Nagode*, 2007 U.S. Dist. LEXIS 93563 at *7 (N.D. Ill. 2007), citing *Williams v. Walsh Construction,* 2007 U.S. Dist. LEXIS 3970 at * 4 (N.D. Ill. 2007). The movant must: "(1) set forth the points of commonality of the cases <u>in sufficient detail to</u> indicate that the cases are related within the meaning of section (a) and (2) <u>indicate the extent</u> to which <u>the conditions required by section (b) will be met</u> if the cases are found to be related." N.D. Ill. Local Rule 40.4(c) (emphasis added). *Id.*, *See also, Lawrence E. Jaffe Pension Plan*, 2003 U.S. Dist. LEXIS 7466 at *9 (N.D. Ill. 2003). This specificity requirement has been strictly enforced and a motion for reassignment should be denied if a party fails to sufficiently plead each of 40.4(b)'s requirements. *Mach. Movers, Riggers & Mach. Erectors, Local 136 Defined Contribution Ret. Fund v. Joseph/Anthony, Inc.*, 2004 U.S. Dist. LEXIS 13631 at * 8 (N.D. Ill. 2004)("the judges of this Court have interpreted subsection (c) to impose an obligation on the moving party to *specifically identify* why each of the four conditions for reassignment under LR 40.4(b) is met); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2003 U.S. Dist. LEXIS 7466 at *9 (N.D. Ill. 2003)("Thus, a court may deny a motion to reassign if a party fails to sufficiently apply the facts of the case to each of 40.4(b)'s requirements). Conclusory assertions are not sufficient. *Id.*

2. **DEFENDANT'S MOTION TO CONSOLIDATE DOES NOT COMPLY WITH LR 40.4(b)**

Defendants have not met the "stringent requirements" imposed on them by Rule 40.4(b) because they have not "specifically identified" the manner in which each of the four subsections are met by applying facts in a non-conclusory way. While the three cases are all obviously pending in this Court [*see*, LR 40.4(b)(1)], the other three requirements of subsection (b) are not met. *Targin*, 714 F. Supp. 2d at 901 (LR 40.4(b) "is stated in the conjunctive: All four of its conditions must be satisfied"). Defendant does not demonstrate that consolidation will result in *substantial* saving of judicial time and effort, will not result in delay, and that the three cases are susceptible to disposition in a single proceeding.

A. **Defendant has not demonstrated that consolidation will result in a "substantial saving of judicial time and effort," as required by Local Rule 40.4(b)(2).**

Subsection (b)(2) requires that the movant specifically show how consolidation will result in a "*substantial* saving of judicial time and effort" *See* L.R. 40.4(b)(2) (emphasis added); *Lawrence E. Jaffe Pension Plan,* 2003 U.S. Dist. LEXIS 7466 at *6 (N.D. Ill. 2003)(emphasizing that the saving of judicial time and effort must be *substantial* in order for reassignment to be appropriate under Rule 40.4(b)(2)). Defendant Saul hardly attempts to meet this requirement. Simply asserting that an anticipated motion to dismiss will have to be "briefed once…rather than three times" (Defendant's Memo at 6), does not suffice. Notably, Defendants get mileage off this argument only to the extent they have already violated the timing requirements of 40.4(c), as argued above. Had defendants waited until all the answers (or motions in lieu of answer) had been filed in all the cases – as the rule requires -- then this argument would be moot. Nonetheless, it is also conclusory and irrelevant.

## 1.      *Defendant's Statements Are Conclusory.*

Defendant Saul asserts: "Reassigning the other two actions to this Court will allow the numerous legal issues described above to be briefed and determined once, rather than three times, saving both the judiciary and the parties substantial time and effort." (Def.'s Memo at 6). First, the saving of parties time and effort is irrelevant under the rule, which is concerned only with saving "judicial time and resources." Second, Defendant's explanation is even more conclusory than the one rejected by the Court in *Machine Movers*, where the Court held:

> Nationwide's explanation regarding how reassignment will result in a substantial savings of judicial time and resources is inadequate. Nationwide states only that "the weight of common factual and legal issues . . . suggests strongly that there will be a substantial conservation of judicial resources if one court considers and decides those common issues . . . Aside from offering these conclusory allegations, Nationwide fails to specify how combining the cases will result in a substantial savings of judicial resources, nor does it **pinpoint what issues for discovery will be the same in both cases or what matters are susceptible to disposition in a single proceeding**. This failure to comply with Local Rule 40.4(c)'s requirement that parties [*10]  "indicate the extent to which the conditions required by section (b) will be met if the cases are found to be related" is sufficient grounds, in and of itself, for denial of the motion to reassign.

2004 U.S. Dist. LEXIS 13631 at *9 (N.D. Ill. 2004)(emphasis added).

Like the Defendant in *Machine Movers*, Defendant Saul neither "pinpoints" specific issues for discovery that will be the same in all cases, nor the precise matters susceptible to disposition in a single proceeding. While Defendant lists six possible affirmative defenses Defendant does not identify how consolidating the cases will result in reduced discovery, fewer trial days, or any other substantial increase in judicial efficiency. As the Court stressed in *Donahue*, it is movant's burden to "show[] that reassignment would result in a 'substantial saving of judicial time and effort,' the second necessary condition." See N.D. Ill. L.R. 40.4(b)(2). *Donahue v. Elgin Riverboat Resort*, 94 Fair Empl. Prac. Cas. (BNA) 1132 (N.D. Ill 2004).

6

Defendant's only effort to meet this standard involves a claim that an anticipated Rule 12 motion will be decided by one judge, instead of three. First, Rule 12 motions are not a factor contemplated by the Rule, as the Rule anticipates Rule 12 motions will have already been filed in each of the cases before deciding relatedness. (See Argument I-A, above). The Rule is concerned not with Rule 12 motions, but saving judicial time and effort supervising discovery, resolving issues on summary judgment, and saving time at trial. Defendant makes no such showing of factors that are the relevant for consideration. Instead, Defendants argue irrelevant factors such as common lawyers and their own convenience in briefing motions.

### 2. *Defendants' anticipated assertion of "numerous and novel" affirmative defenses does not justify consolidation under Rule 40.4(b).*

Defendant Saul asserts, on page 1 of his motion, "The three cases have overlapping factual scenarios and will require the resolution of exactly the same numerous and novel issues of law" (Def.'s Memo, p. 1). Defendant then articulates six anticipated and novel affirmative defenses, some of which are constitutional in nature and others that would require reversal of U.S. Supreme Court and Seventh Circuit precedent. Defendant lists six allegedly common issues of law: (1) the applicability of Illinois' gambling statute to online Texas Hold'em poker tournaments, (2) the constitutionality of the potential extraterritorial reach of the statute to people and actions taken outside the State, (3) the applicability of the exception for *bona fide* contests of skill found in subsection (b) of the statute, (4) the standing of a party such as the plaintiff in this case to bring an action on behalf of thousands of unidentified "losers," (5) the proper statute of limitations that is applicable to actions under 720 ILCS 5/28-8(b), and (6) whether the Dormant Commerce clause prevents Illinois from proscribing the conduct at issue.

Some of these arguments are simply frivolous. For instance the United States Supreme Court – in affirming Ohio's similar anti-gambling statute – has already rejected Defendant's

standing argument, stating: "Statutes providing for actions by a common informer, who himself

had no interest whatsoever in the controversy other than that given by statute, have been in

existence for hundreds of years in England, and this country ever since the foundation of our

Government." *Marvin v. Trout*, 199 U.S. 212, 225 (1905) (upholding a judgment under the Ohio

gambling recovery law).

And just this year the Seventh Circuit explained, in reference to the statute at issue:

"Section 28-8 of the Act provides a cause of action <u>by which anyone may sue</u> on behalf of an

illegal gambling loser to recover from the winner the total amount lost…" *United States v.

Resnick*, 594 F.3d 562 (7th Cir. 2010)(emphasis added). Defendant's motion is based on the false

premise that consolidation is proper because the case presents numerous and novel legal issues.

None of the cases indicate the "novelness" of the defenses is a factor. The fact that Defendant

can dream up novel and far-fetched defenses does not justify consolidation.  Consolidation

should be evaluated by the elements of Plaintiff's claims, not potential defenses.  Defendants'

defenses will only save judicial time and effort if they are ultimately granted.  If the defenses

lack merit, nothing whatsoever will be gained by consolidation.

Poker, including Hold 'Em poker is an illegal form of gambling in Illinois when it occurs

outside of riverboat or charitable gaming event.  See 720 ILCS 5/28-1; *Zellers v. White*, 208 Ill.

518 (Ill. 1904); *People v. Mitchell*, 111 Ill. App. 3d 1026 (Ill. App. 1983).  Moreover, gambling

"by means of the Internet" is explicitly prohibited under Illinois law. See 720 ILCS 5/28-1(12).

There is no statutory authority or case law authority for Defendant's argument that Texas Hold

'Em played online is a legally exempted form of gambling.  Defendant has no legal authority to

assert that Illinois gambling law is not applicable to online Texas Hold 'Em poker tournaments.

Poker is gambling in Illinois.  The game is regulated as such whether the game is played in

8

"tournament" form or otherwise. It seems Defendant want this Court to declare that online poker played in tournament form is legal in Illinois. This type of ruling would have a disastrous effect on the regulation and taxation of gambling in Illinois.

>   **3.    No factual economies of scale would be realized by consolidation as all of the cases involve "individualized proof" against each of the defendants.**

The Court in *Donahue* explained:

> each plaintiff's claim requires individualized proof and is subject to unique defenses. See *Ellis*, 217 F.R.D. at 429. Thus, each plaintiff's claims will have to be separately litigated, whether in one proceeding or in four separate proceedings. Local Rule 40.4(b)(2) requires a "substantial saving" of judicial resources, and Elgin has failed to demonstrate reassignment would result in the saving of even a single trial day. Accordingly, the cases must not be reassigned pursuant to Local Rule 40.4(b).

*Donahue v. Elgin Riverboat Resort*, 94 Fair Empl. Prac. Cas. (BNA) 1132 (N.D. Ill 2004).

Like in *Donahue*, each of plaintiff's claims requires "individualized proof." Crespo will have to demonstrate that Saul participated in each of the prohibited internet gambling tournaments alleged, that he won money or other thing of value in the gambling tournament, and that those who lost did not file a lawsuit to recover their losses. Paragraph 218 of the Saul complaint, for instance, alleges that Saul won $23,518 from 468 other individuals, each of whom wagered $109 or more in an illegal internet poker tournament played on February 18, 2010. Showing that Saul was in Illinois on that day, or won this amount, is not probative of any facts relevant to the claims against the other defendants in the other cases. Showing Saul won $23,518 does not determine any of the amounts recoverable against Seth, or Drinan or any of the other Defendants. Of the hundreds of tournaments alleged in the complaints, Defendant only identifies 4 tournaments that involve any kind of factual overlap. And even these overlaps won't result in a substantial savings of time. Showing Saul won, even in these tournaments, proves nothing about the other defendants. See, *Donahue v. Elgin Riverboat Resort*, 94 Fair Empl. Prac. Cas.

(BNA) 1132 (N.D. Ill 2004) (In this case, each individual case relies on a different set of facts, and a finding in one case would not be dispositive of any issues in the other cases.)

### 4. *No savings in the scope or management of anticipated discovery.*

Discovery is anticipated to be vastly different in the cases. Discovery in this case, for instance, is going to be simple and straightforward – it all involves gambling that occurred in this District, by a single individual, Kevin Saul, who resides in this District. The case before Judge Bucklo, however, the *Drinan* case, involves three defendants that are all alleged to be jointly and severally liable for each other in connection with a backing and vouching scheme. (*See* Drinan Amended Complaint at ¶¶ 19-23 &), and are also alleged to "work together" in the same tournaments to take money from other players (*Id*. at ¶¶ 24 & 25). They are also alleged to be jointly and severally liable with for eachother's (*Id.* at conduct at ¶¶ 35-43), and unlike this case an entirely different and additional theory of liability under the "accountability" provisions of 735 ILCS 5-2 is alleged in that case. Saul is not alleged to be involved in the Drinan-Zaucha-Barshak "vouching and backing" scheme, is not alleged to be "accountable" for their conduct under 735 ILCS 5-2 and is not alleged to be jointly and severally liable with them.

Similarly, Saul is not alleged to have been involved in operating the illegal gambling place known as the Pokerhaus in Urbana Illinois as prohibited by 720 ILCS 5/28-3. Those defendants are alleged to have engaged in collusion at a physical premises at 1103 S. Busey Avenue (*Seth* Complaint at ¶¶ 20-27). Those allegations involve the illegal use of real estate to operate a gambling place, active recruitment of others to participate in illegal internet gambling, including collusion and use of poker-bots, as well as resources and information shared on the forum. Saul is not alleged to be a part of the Pokerhaus gambling organization, nor is he alleged to be involved in the operation of the Busey premises or colluding with the *Seth* defendants. He

is not alleged to be jointly and severally liable with them, as they are all alleged to be with each other. Plaintiff Crespo filed three separate complaints for a reason and grouped the defendants according to their joint actions and liability. The other cases involve unique issues of "accountability" and operation of a gambling place that are not implicated in this case. These unique issues overwhelm the common ones.

Even something that appears as simple as the statute of limitations is not as common and straightforward as the Defendants suggest. For instance in the *Drinan* case two of the defendants resided in other states (attending college) for significant periods of time. This presents unique statute-of-limitation tolling issues as to those defendants, as the statute is tolled while defendants reside out of state. Thus, it significantly expands the scope of discovery to other jurisdictions. Similarly, the *Seth* case may involves significant discovery in central Illinois, where an illegal gambling place – known as the *Pokerhaus* – was being operated by the six defendants named in that case. The *Pokerhuas* is the most complex, and alleges totally independent and unique claims related to the operation of an illegal gambling enterprise. Unlike in this case, the *Pokerhaus (Seth)* and *Drinan* cases present potential issues for violating the Sherman Act and RICO that do not exist here. The *Pokerhaus(Seth)* case also involves complicated allegations of money trading and laundering that have nothing to do with the issues presented in this case.[1]

### 5. *No savings in time and proof of issues at trial.*

Trial will be made more complex, not easier, if the cases are consolidated. The trial of the Saul case will likely be able to be completed in a few days – most evidence coming through

---

[1] Even if there was common discovery, and Defendant has not shown there will be, some courts in this District hold that is still not sufficient to justify consolidation: "The fact that there is a good deal of common discovery in the cases would not, in this Court's view at least, call for departing from the norm in this District -- assignment of cases by lot." *Brieger v. Tellabs, Inc.*, 434 F. Supp. 2d 567 (N.D. Ill. 2006)(reversed on other grounds). Rather, the appropriate course, assuming coordinated discovery is considered appropriate, would be reassignment for *purposes of discovery coordination only, pursuant to N.D. Ill. IOP 13(e)." Id.

Saul, or information discovered from his computer and records. Plaintiff will only need to prove

Saul gambled by playing internet poker and the amounts he won. Saul is not alleged to be jointly

and severally liable with anyone, and certainly not the Defendants in the *Drinan* and *Seth* cases.

Saul is not alleged to be involved in vouching or backing, or illegally operating a gambling

house at the University of Illinois, or securities law violations or racketeering.

Consolidation would make the jury instructions more complex because the jury will need

to make decisions about whether the *Drinan* and *Seth* Defendants are jointly liable to each-other

and every-other named defendant in their particular case, but not with all ten defendants overall.

Numerous and confusing limiting instructions will be required to admit certain evidence as only

against certain defendants, and not others.  Hearsay exceptions for statements of co-conspirators

will be complicated to deal with.  In sum, there will be more *in limine* motions, more sidebars,

more complex evidentiary issues, and thus, more and not fewer, trial days.

### B.      Defendant fails to meet its burden of showing no delay under Local Rule 40.4(b) (3).

Defendant fails to meet the burden of LR 40.4 (b) (3) because he does not, and cannot,

prove the immediate proceeding won't be substantially delayed. To protect this proceeding

against substantial delay, the Local Rule prohibits consolidation when: filed case as related

would be likely to delay the proceedings in the earlier case substantially." Defendant fails to

address his burden provided by LR 40.4 (b) (3), nor can he, because (1) his justification relies on

Defendant's own violation of LR 40.4 (c); and, (2) Defendant provides only conclusory

statements that such a delay is not substantial.

First, Defendant *did not* address to section (b) (3) because his arguments rely on

Defendant's own violation of section (c). Defendant violated LR 40.4(c), which prohibits

Defendant from filing a motion to consolidate before the answer or motion in lieu of answer.

Defendant wrongfully states, "Third, none of the cases has progressed to a point where delay would occur due to reassignment" (Def. Mot. pg. 7). This claim is an inadequate response to section (b) (3) because it is inherently tautological - Defendant relies on his own violation of an important procedure to ensure the cases are in their early stages.

Second, Defendant *cannot* meet the burden of LR 40.4 (b) (3) because the untimely motion wrongfully *prescribes* substantial delays and because the nature of electronic discovery is time-sensitive. Defendant Saul filed a motion for an extension of time for the response/motion in lieu of answer/motion to dismiss, and the motion to consolidate was filed soon after, which improperly relies on the absence of a response to address LR 40.4(b) (3). Therefore, the following statement in the motion incorrectly refers to the lack of response and extension of time to address section (b) (3): "All three cases are in the very earliest stages…Defendants in all three cases are preparing to respond to the complaint, and no discovery has occurred." This is only true because defendant is attempting to use consolidation to achieve the goal of delay.  The Rule 26(f) conference already occurred in this case, discovery should commence, yet the court granted Defendant's request for an extension, denied Plaintiff's motion for discovery, and struck the previously-set Rule 16 conference so the motion to consolidate could be briefed. Thus, Defendant is empirically causing delay by attempting improper and premature consolidation.

Had the Defendant complied with timing requirements of LR 40.4(c) instead of violating it, this Court could address the actual progress contemplated by the Local Rules and determine if consolidation would result substantial further delay. Indeed, *Goldhammer* demonstrates that, had Defendant Saul complied with the timing requirements, consolidation would result in substantial delay:

> "It is also clear that the Woo Action has proceeded to a point where consolidation will substantially delay that proceeding. The Woo Defendants have answered the amended

complaint in the Woo Action and this court has already set discovery dates. Consolidation will delay that action" (pg. 7).

The "Woo Defendants" in *Goldhammer* had progressed to the stage where this case would be had Saul refrained from filing the motion to consolidate prematurely. Additionally, consolidation would prejudice Plaintiff because the risk of information loss magnifies the harms of delay. The illegal gambling activity alleged in the complaint inherently involves electronic discovery, which is subject to inadvertent deletion. Servers and information centers that periodically expunge files may inadvertently make important information undiscoverable, which is extremely harmful to the fairness of the discovery proceedings. The more delay, the more risk electronic information is accidently or intentionally subject to deletion, purging, and being overwritten. Plaintiff is anxious to start discovery in order to ensure against information loss. Consolidation for motion practice does not outweigh Plaintiff's right to promptly seek and preserve essential discovery.

### C. Defendant does not meet his burden under Local Rule (c)(4) – The common legal issues do not predominate and the matter is not susceptible to disposition in a single proceeding.

Like in *Brieger*, "Defendants do not contend, nor could they credibly, that the legal issues on which the merits of [the cases] will turn are common to all the cases. Thus, they are not susceptible to disposition in a single proceeding, a requirement for reassignment under the related-case rule. See N.D. Ill. LR 40.4(b)(4)." *Brieger v. Tellabs, Inc*., 434 F. Supp. 2d 567 (N.D. Ill. 2006)(reversed on other grounds). Also, cases are rarely susceptible to disposition in one proceeding pursuant to 40.4(b)(4) where the cases involve unique issues of law and fact and those unique characteristics are dominant. See *Mach. Movers, Riggers & Mach. Erectors, Local 136 Defined Contribution Ret. Fund v. Joseph/Anthony, Inc.*, 2004 U.S. Dist. LEXIS 13631, 2004 WL 1631646 at *4 (N.D. Ill. 2004), citing *Clark*, 42 F. Supp. 2d at 849. Courts have held

14

that cases are not susceptible to disposition in one proceeding where both cases present unique issues of law and fact. 2003 U.S. Dist. LEXIS 7466 at * 3; see also *Clark v. Insurance Car Rentals, Inc.*, 42 F. Supp.2d 846, 849 (N.D. Ill. 1999).

      As set forth above, although there is some overlap between the actions, the issues that are unique to each case predominate. *Mach. Movers, Riggers & Mach. Erectors, Local 136 Defined Contribution Ret. Fund v. Joseph/Anthony, Inc*., 2004 U.S. Dist. LEXIS 13631, 12-13 (N.D. Ill. July 15, 2004); *Donahue*, 2004 U.S. Dist. LEXIS 19362, 2004 WL 2495642 at * 1, 5-6 (motion to reassign denied where all cases involved Title VII claims, but each case was based on a unique set of facts different from every other case involved); *Targin* (even though the issue of potential liability of one or more of the defendants is common to all three cases and to all 114 victims, the need for 114 different determinations of damages if liability were to be found would by definition require a separate trial as to each victim, not just "a single proceeding....); *Goldhamer v. Nagode*, 2007 U.S. Dist. LEXIS 93563 (N.D. Ill. 2007) (holding "factual and legal distinctions between the two actions that both would not be susceptible to disposition in a single proceeding, and may require separate trials.") This case does not involve issue of running an illegal gambling place, or vouching, or backing, or money laundering in connection with the illegal internet gambling. Like in *Goldhamer* there are additional claims in the *Seth* and *Drinan* actions that do not exist here, which make those cases significantly different. *Goldhamer v. Nagode*, 2007 U.S. Dist. LEXIS 93563 (N.D. Ill. Dec. 20, 2007). Like in *Goldhamer*, the motion for relatedness should be denied.

      WHERFORE, for all the foregoing reasons, the Plaintiff SCOTT CRESPO, respectfully requests the motion for relatedness be denied.

/s/ Christopher V. Langone
One of Plaintiff Scott Crespo's Attorneys

15