IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT CRESPO, | No. 10-CV-05378 |
|     Plaintiff, | Judge: Hon. George M. Marovich |
| v. | |
| KEVIN SAUL, | |
|     Defendant. | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION FOR REASSIGNMENT**

    Defendants filed a motion to reassign to one judge three closely-related cases that raise the same novel legal question: can an out-of-state plaintiff recover losses under an Illinois statute on behalf of unidentified individuals who played online tournament poker, likely throughout the world. The Defendants are all represented by the same counsel and seek to make the same arguments at the Rule 12 stage. Notwithstanding the obvious savings of judicial resources that would be accomplished by reassigning all three cases to the same court, Plaintiff argues that reassignment is premature because, among other things, he may choose to demand a jury in some of the cases where the time to make such a demand has not expired. Br. at 3. While it is not clear at all why Plaintiff opposes reassignment so vehemently, what is clear is that having three different judges of this court spend the resources to decide the same legal questions on different time tables and potentially reach different conclusions, is not required by the rules.

**Defendant's Motion is Not Premature**

Notwithstanding Plaintiff's constant refrain that Defendant "violated" Local Rule 40.4 by filing the present motion early in the proceeding,[1] nothing in the letter of the Rule nor its rationale precludes consideration of a motion for reassignment at this stage. In fact, under the circumstances of these cases, early reassignment will only enhance the savings of judicial time and effort that is at the root of the Rule.

Plaintiff ignores the language of the Rule he claims Defendant "violated." LR 40.4(c) states "<u>In order that all parties to a proceeding be permitted to respond</u> on the questions of relatedness and possible reassignment, such motions should not <u>generally</u> be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." Local Rule 40.4(c) (emphasis added). Of course, that the Rule states that reassignment motions "generally" should not be filed prior to defendants responding to the complaint demonstrates that such motions are not barred.

Moreover, as stated in the Rule itself, the rationale is to assure that all parties who will be impacted by the ruling have an opportunity to weigh in. Here, all parties to the three suits have been heard on this issue. Scott Crespo is the only plaintiff in all three actions, and all defendants in the three cases are represented by undersigned counsel.

**Reassignment to This Court Will Conserve Significant Judicial Resources**

Plaintiff is wrong and short-sighted in arguing that reassignment will not result in a substantial saving of judicial time and effort, as required under LR 40.4(b)(2).[2] In his misguided effort, Plaintiff simply ignores the enormous savings of judicial time and effort relating to ruling on the Rule 12 motions, claiming that such savings are not the purpose of the Rule (Br. at 7) and

---

[1] Plaintiff's repeated claim of a "violation" is hyperbolic and inaccurate.
[2] Defendant notes that Plaintiff does not contest that the cases are related, as that term is used in LR 40.4(a), and that all three cases are pending in the Northern District of Illinois, as required under LR 40.4(b)(1).

2

that the Rule 12 motions will be frivolous. (Br. at 7-8). With respect to the former, Plaintiff's assertion is contrary to reason and caselaw. *See Murry v. Am. Mortgage Banc, Inc.*, 2004 WL 407010 at *2 (N.D. Ill. March 1, 2004) ("The second requirement under LR 40.4(b) has been met as well because reassignment of the *Greenleaf* case to this Court's docket will result in substantial time savings and promote judicial economy. With the reassignment of *Greenleaf*, only one judge will need to rule on the dispositive motions filed by defendants ….").

With respect to the latter, while this is not the place to debate the merit of the Rule 12 motions that Defendants will file, defendants assure they are not "frivolous."[3] Such an assessment is driven by Plaintiff creating strawmen and mischaracterizing the arguments. For example, Plaintiff asserts that "gambling 'by means of the Internet' is explicitly prohibited under Illinois law." This is a blatant misrepresentation of the statute. The provision cited, 720 ILCS 5/28-1(a)(12), prohibits operating a gambling website. It says nothing about playing in the online tournaments at issue in this case, which is governed by 720 ILCS 5/28-1(a)(1) and the exception found in 720 ILCS 5/28-1(b)(2).

Such mischaracterizations feed into Plaintiff's other mistake in analyzing the savings of judicial resources. Plaintiff claims that "If the defenses lack merit, nothing whatsoever will be gained by consolidation." Br. at 8. Such an assertion reveals a fundamental misunderstanding of the savings of judicial resources that will be gained by reassignment. Even if this Court were to ultimately deny some or all of Defendants' Rule 12 motions, substantial judicial time and effort will have been saved by having one judge, rather than three, wade through the novel[4] and complex arguments on both sides and come to a determination.

---

[3] Nor are they speculative, as all defendants are represented by undersigned counsel and will be defending on the same grounds.

[4] Defendants have not found a single case such as Plaintiff's, which purports to seek recovery on behalf of thousands of unnamed individuals, presumably throughout the country and world. As discussed in Defendant's opening brief,

Moreover, the ruling on Rule 12 motions is only one important way (among many) that reassignment will further the goals of LR 40.4. Contrary to Plaintiff's assertion, reassignment will result in a reduction of time and effort for the judiciary as a whole throughout the litigation. For example, while discovery as to each of the tournaments allegedly won by each of the Defendants will be necessary, the point at which the judiciary comes involved in discovery (and thus a savings of judicial time and effort can be had) is in resolving disputes. Of course, Defendants hope that such occurrences are few and far between, however, because the defendants are similarly situated and represented by the same counsel and because potential sources of third party discovery are significantly overlapping,[5] having one judge resolve the disputes rather than three will result in a reduction of judicial resources committed to the cases. *See BP Corp North Am., Inc. v. Northern Trust Invest., NA*, 2009 WL 1684531 at *3 (N.D. Ill. June 15, 2009) ("In addition, judicial resources can be conserved if similar discovery issues arise in the two cases. … Discovery in these cases likely will be complex, and the court will preserve resources if only one judge, rather than two, must resolve similar discovery disputes."). In addition, because of the virtually identical nature of the cases,[6] with one judge, rather than three, ruling on motions, the judiciary will be less burdened by other motion practice down the road, such as summary judgment and motions in limine, if the cases are reassigned. *See 21 srl v. Enable Holdings Inc., et al*, 2009 WL 4884177 at *10 (N.D. Ill. December 9, 2009) ("Local Rule

---

such an attempt raises novel issues of standing and statutory interpretation so as to avoid constitutional infirmities, and none of the cases cited by Plaintiff stand for the proposition that such a suit is proper.
[5] For example, across all three complaints, defendants are alleged to have played tournaments on the same international poker websites: fulltiltpoker.com, pokerstars.com, absolutepoker.com and ultimatebet.com.
[6] Notwithstanding Plaintiff's attempt to distinguish the three cases, *see* Br. at 10-11, the gravamen of all three complaints is the loss recovery allegations. Even assuming the truth of Plaintiff's "Illegal Gambling Place" claim, the statute does not provide a civil cause of action for such a violation. Moreover, Plaintiff's references to Sherman Act, RICO, securities and money laundering violations are puzzling, as they are no where to be found in the complaints. Br. at 11-12.

40.4 'promotes efficient use of judicial resources by minimizing duplication of effort on cases that have a great deal in common.'").

### All Three Cases are at Exactly the Same Stage in the Litigation

Plaintiff makes much of the fact that the present motion was filed before the cases could mature at different rates. Plaintiff's argument boils down to a disagreement with the Court setting the present briefing schedule and summarily denying Plaintiff's inappropriate discovery motion. The cases are, in fact, at precisely the same stage: the complaints have been filed and all defendants are preparing to file Rule 12 motions. There is no reason that all three cases could not progress on the same track before this Court after reassignment.

### The Cases are Susceptible to Disposition in a Single Proceeding

Finally, contrary to Plaintiff's assertion, all three cases are *susceptible* to disposition in single proceeding.[7] Due to the overlapping nature of the legal issues in the cases, it is likely that the cases will be jointly resolved at the Rule 12 or Rule 56 stage. Even if the cases proceed to trial, there is no reason that ten defendants cannot go to trial together, just like the six defendants Plaintiff joined in one case in the *Seth* case.

---

[7] Reassignment pursuant to LR 40.4 does not mandate complete consolidation. While Defendants believe that the matters could be consolidated for all future proceedings, such a determination need not necessarily be made at this point. *See Fairbanks Capital Corp. v Jenkins*, 2002 WL 31655277 at *3 ("although Rule 40.4(b) requires a showing that he cases to be reassigned be susceptible of determination in a single proceeding …., it does not require proof that the cases can or should be consolidated."). At a minimum, nevertheless, reassignment is appropriate in this instance.

## **Conclusion**

WHEREFORE, defendants respectfully request that Crespo v. Drinan, et al., 2010 CV 5536, and Crespo v. Seth, et al., 2010 CV 6543, be reassigned to this Court and consolidated for purposes of further proceedings.

Dated: December 21, 2010                                             Respectfully submitted,


/s Bart Huff_____

Bart Huff
Zwillinger Genetski LLP
300 N LaSalle St, 49th Floor
Chicago, IL 60654
(312) 685-2278


Marc Zwillinger
Zwillinger Genetski LLP
1705 N St NW
Washington, DC 20036
(202) 296- 3585