# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5378 | **DATE** | 1/4/2011 |
| **CASE TITLE** | Crespo v. Saul | | |

**DOCKET ENTRY TEXT:**

Motion [11] to reassign case is granted. The Court finds that Cases No. 10 C 5536 and 10 C 6543 are related to this case and should be reassigned to this Judge's calendar.

Within 14 days after the third case is reassigned to the calendar of this Judge, plaintiff should file an amended complaint in 10 C 6543 in order to correct the jurisdictional defect. Otherwise, the Court will dismiss the case for want of jurisdiction.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Scott Crespo (Crespo), a citizen of Florida, filed a one-count complaint against defendant Kevin Saul ("Saul"), a citizen of Illinois. According to plaintiff's complaint, Saul has won a significant amount of money (greater than $75,000.00) playing poker online. Because the individuals who lost the money to Saul did not file suit to recover their losses within six months, Crespo seeks to use the Illinois Loss Act, 720 ILCS 5/28-8, to recover treble the losses. Plaintiff Crespo filed a second suit (Case No. 10 C 5536) against defendants Connor Drinan ("Drinan") and Brandon Zaucha ("Zaucha"). In the second suit, Crespo, again, asserts that Drinan and Zaucha (both Illinois citizens) won significant amounts of money playing poker online. Once again, Crespo asserts a single claim under the Illinois Loss Act in an attempt to recover the amounts gamblers lost to Drinan and Zaucha. Plaintiff Crespo filed a third suit (Case No. 10 C 6543) against defendants Andy Seth ("Seth"), Faraz Jaka ("Jaka"), Benjamin Lefew ("Lefew"), Mohsin Charania ("Charania"), Ravi Raghavan ("Raghavan") and Tyler Reiman ("Reiman"), each of whom plaintiff alleges won significant money playing poker online. In Count I of the third suit, plaintiff seeks to use the Illinois Loss Act to recover the amounts lost to defendants. In Count II, plaintiff accuses defendants of keeping an illegal gambling place, and in Count III, plaintiff seeks to hold defendants jointly liable for the gambling losses. In each of these three cases, Crespo is represented by the same counsel. Every defendant is represented by the same counsel, and no defendant objects to the motion to reassign the second and third cases to this Judge's calendar.

Plaintiff objects to the motion. As a threshold matter, plaintiff believes defendants filed the motion prematurely. Local Rule 40.4 states, "[i]n order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." The Court appreciates the general rule, but the point is to make sure all of the parties can weigh in on the issue of

**STATEMENT**

reassignment. Here, every defendant has the same counsel, and plaintiff is represented by the same counsel in each case. Thus, every party has had its say, and the Court will now rule.

Rule 40.4 of the Local Rules of the United States District Court for the Northern District of Illinois defines "related" cases and sets out the conditions for reassignment. Here, the three cases are related in that they involve some of the same issues of law and some of the same facts. *See* L.R. 40.4(a)(2) ("Two or more civil cases may be related if one or more of the following conditions are met: . . . (2) the cases involve some of the same issues of fact or law; . . ."). Specifically, each of the three cases has plaintiff Crespo asserting that he is entitled to collect the gambling moneys won by defendants (and lost by third parties). In each case, those claims are based on the same Illinois statute. Thus, the three cases involve some of the same issues of law. At least two of the cases involve some of the same issues of fact, because, as defendants point out, there are occasions when two defendants are alleged to have won the same pool of money. For these reasons, the three cases are related for purposes of Local Rule 40.4.

Related cases may be reassigned if they meet all of the criteria set out in Local Rule 40.4(b). The Court concludes that the cases meet the conditions for reassignment. First, the parties agree that the three cases are pending before the Northern District of Illinois. Second, the handling of both cases by one judge is likely to result in a substantial saving of judicial time and effort. Specifically, only one judge will have to rule on the merits of dispositive motions, which will include at least some of the same legal issues. In addition, given that Crespo has filed the same claim against every defendant and that the defendants all have the same counsel, the cases are likely to have some identical discovery disputes. It makes sense to have them decided by a single judge. Third, this case has not progressed to the point where reassigning Cases No. 10 C 5536 and 10 C 6543 will delay substantially the proceedings in this case. Finally, the cases are susceptible of disposition in a single proceeding.

For these reasons, the Court finds that Cases No. 10 C 5536 and 10 C 6543 should be reassigned to this Judge's calendar.

The Court also notes that Crespo has failed to allege adequately this Court's jurisdiction in the third case, 10 C 6543. In that case, plaintiff alleges "[d]efendants are citizens and/or residents of the State of Illinois . . ." This will not do. Under "federal law citizenship means domicile, not residence." *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) ("We have been told by authority we are powerless to question that when the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction."). Furthermore, plaintiff must allege each defendant's citizenship separately. Within 14 days after the third case is reassigned to the calendar of this Judge, plaintiff should file an amended complaint in 10 C 6543 in order to correct the jurisdictional defect. Otherwise, the Court will dismiss the case for want of jurisdiction.